EUGENIO CORNIER SALLS and HÉCTOR M. MARTÍNEZ COLÓN, Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JAIME FRANK PAGANACCI, JUDGE, Respondent; LAND ADMINISTRATION, Intervener.

No. O-68-32.     Decided June 19, 1968.

*Eugenio Cornier Salls* and *Héctor M. Martínez Colón*, pro se. *José C. Ramos Vázquez* and *Raúl E. Casasnovas Balado* for intervener.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM: The Land Administration of Puerto Rico filed an action of debt for the recovery of $41,344.61 against Francisco Salort Ramos and his wife Esperanza Márquez.[1] To secure the effectiveness of the judgment, it obtained an order on November 3, 1967 addressed to the Clerk of the Superior Court, Ponce Part, so that said officer would "retain and preserve the total proceeds, including interest, costs, expenses, and attorney's fees, from the judgment of the case of

---

[1] The events which gave rise to this claim originated in a condemnation proceeding presented by the Land Administration against the spouses Salort-Márquez. Within said action the defendant spouses obtained the withdrawal of the amount deposited stating that the condemned property was free of encumbrances or liens, except for the ones stated in the complaint. Subsequently, the existence of other creditors was determined, and as a result thereof, the defendants were ordered to reimburse the amount of $41,344.61 which had been unduly withdrawn. They refused to refund the aforesaid amount using as a pretext that they had used the funds which they had withdrawn. The Administration, in order to record its title free of encumbrances and liens, was bound to deposit $41,344.61, in addition to the amount originally deposited.

*Francisco Salort Ramos* v. *The Shell Co. Puerto Rico Limited*, Civil No. 65-1591, until the end of the present litigation." The corresponding order having been issued, it was served by delivering a copy thereof to the Clerk.

A month later, the attorneys Eugenio Cornier Salls and Héctor Martínez Colón appeared in the suit filed by the Land Administration requesting the modification of the attachment order as to the amount of $3,273.48 adducing therefore that they represented Salort in the case 65-1591, "on the basis of fifty percent (50%) of what he would obtain in the case"[2] and they were, therefore, preferred creditors.

The trial court denied the request of the petitioner attorneys on the grounds that (a) the credits for professional services are not given preference according to §§ 1821 to 1825 of the Civil Code, 31 L.P.R.A. §§ 5191 to 5195, and (b) the above-copied contract does not have the scope of an assignment of the judgment money. We issued a writ of certiorari to review this order.

██ 1. The credit for professional services rendered by an attorney is not given preference according to § 1825 of the Civil Code, 31 L.P.R.A. § 5195, and as such it is subject to the fluctuations of the debtor's capital. Apparently, being aware of this fact, the petitioners seek to claim in their brief the existence of an attorney's lien on the judgment money

---

[2] The contract of professional services of May 18, 1965 reads in its pertinent part:

"FIRST: That Francisco Salort hereby retains the professional services of Mr. Eugenio Cornier Salls, to represent him in the claim of NON-COMPLIANCE OF CONTRACT, DAMAGES AND OTHER PARTICULARS, against THE SHELL CO. OF PUERTO RICO (LTD.) which Salort wishes to file.

"SECOND: That Francisco Salort binds himself not to retain the services of any other attorney or person to make said claim, and not to perform any compromise thereof without the written permission of Mr. Eugenio Cornier Salls.

"THIRD: That in payment for his services, Mr. Eugenio Cornier Salls shall receive FIFTY PERCENT (50%) of the total amount which plaintiff receives as compensation for damages suffered, on account of certain debts and commitments contracted with Mr. Cornier."

obtained in the suit in which the professional activity was performed. *A. Méndez & Bro.* v. *Chavier*, 39 P.R.R. 661 (1929), is contrary to petitioners' claim. This lien, which stems from the English common law, is sanctioned in various state jurisdictions but the necessary statutes have been approved for that purpose. Annotation, *Statute relating to attorney's lien as affecting common law or equitable lien*, 120 A.L.R. 1243 (1939); 7 Am. Jur.2d, *Attorneys at Law*, § 281 *et seq*. See also, *People* v. *Sierra*, 26 P.R.R. 298 (1918), on the right of withholding the documents and papers of the client.[3] There does not exist in Puerto Rico any statutory provision on that point.

■ 2. The terms of the agreement signed by Salort and the petitioners having been considered, the document has no other scope than the fixing of attorney's fees.[4] But even when we could give it the effect of an assignment of credit, because it appears in a private instrument, it does not have validity for the purposes of any preference as to the Land Administration, according to the provisions of § 1181 of the Civil Code, 31 L.P.R.A. § 3282.

The order entered by the Superior Court, San Juan Part, on January 9, 1968 will be affirmed.

---

[3] For encumbrances sanctioned by the legislation see, (1) Act No. 73 of May 4, 1931, 29 L.P.R.A. § 186 (wage earned in constructions); (2) §§ 1764 and 1765 of the Civil Code, 31 L.P.R.A. §§ 5023 and 5024 (pledge); (3) § 1492 of the Civil Code, 31 L.P.R.A. § 4133 (work on personal property); (4) Act No. 85 of June 23, 1956, 10 L.P.R.A. § 718 (innkeeper); (5) Act No. 9 of February 21, 1918, 10 L.P.R.A. §§ 417–421 (warehouses); (6) § 293 of the Commerce Code, 10 L.P.R.A. § 1797 (transportation).

[4] It is not necessary for us to pass on the validity of the contract involved herein which contains a clause which precludes the client from compromising without his attorney's consent. See, *Franqui* v. *Fuertes*, 44 P.R.R. 690 (1933).